**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| EASTERN ATLANTIC STATES CARPENTERS FUNDS AND THE TRUSTEES THEREOF AND EASTERN ATLANTIC STATES REGIONAL COUNCIL OF CARPENTERS AS SUCCESSORS TO KEYSTONE MOUNTAIN LAKES REGIONAL COUNCIL OF CARPENTERS,<br><br>Plaintiffs,<br><br>v.<br><br>TITAN SHORING & CONSTRUCTION, LLC,<br><br>Defendant. | HONORABLE KAREN M. WILLIAMS<br><br>Civil Action<br>No. 25-cv-18658 (KMW-SAK)<br><br>**MEMORANDUM ORDER AND OPINION** |

**THIS MATTER** comes before the Court by way of Eastern Atlantic States Carpenters Funds and the Trustees Thereof and Eastern Atlantic States Regional Council of Carpenters as Successors to Keystone Mountain Lakes Regional Council of Carpenters ("Petitioner Funds" or "Petitioners"), unopposed Motion to Confirm Arbitration Award (ECF No. 2) seeking to confirm the November 5, 2025, arbitration award entered by arbitrator J.J. Pierson, Esq. ("Arbitrator") against Respondent Titan Shoring & Construction, LLC. ("Respondent") who has not made an appearance in this matter; and

**WHEREAS** Petitioners' counsel has certified that copies of the Petition and Motion have been served on Respondent via certified mail. (*See* Mot. to Confirm Arbitration Award (ECF No. 2-4)). However, while the address the Petition and Motion were mailed to was the same as that contained in the Agreement provided to the Court, the Court notes that the Agreement Petitioner provided was effective until April 30, 2022. (*See* Petition to Confirm Arbitration Award (ECF No.

1) at p. 5). Further, Petitioner has made no representation regarding whether and under what circumstances the Agreement remains operative; and

**WHEREAS**, the Court may determine that service was effective based on mailings to the address in the Agreement, 9 U.S.C. § 9 ("If the adverse party is a resident of the district within which the award was made, such service shall be made upon the adverse party or his attorney as prescribed by law for service of notice of motion in an action in the same court."); *see also* Fed. R. Civ. P. 5(b)(2)(C) (permitting service by mailing to party's "last known address—in which event service is complete upon mailing")). However, in this case, the Court cannot conclude that the address is accurate based on the expired Agreement alone. Accordingly, the Court cannot conclude that Respondent has been properly served, and cannot confirm the arbitration award. *See* 9 U.S.C. §9, ("Notice of the application shall be served upon the adverse party, and thereupon the court shall have jurisdiction of such party as though he had appeared generally in the proceeding.").

**IT IS** on this 28th day of **August**, **2026,** hereby

**ORDERED** that Petitioner's Motion to Confirm the Arbitration Award (ECF No. 2) against Atlantic Concrete dated November 5, 2025, is **DENIED** without prejudice.

KAREN M. WILLIAMS
United States District Judge